UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J.E. PENDLETON,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Civil Action No. 25 - 1218 (LLA)

## MEMORANDUM OPINION

Proceeding pro se, J.E. Pendleton brings this suit against the United States, several federal agencies and federal officials, Virginia state agencies and officials, ten federal judges, the Washington Post, unknown employees of George Mason University ("GMU"), GMU Professor Tyler Cowen, and an unknown individual in the Clerk's Office of the United States Court of Appeals for the Fifth Circuit. ECF No. 12, at 5-7. He asserts claims including intentional infliction of emotional distress, violations of 42 U.S.C. §§ 1985(3) and 1986, "suspension of habeas corpus in violation of the Fourteenth Amendment," trespass to chattels, invasion of privacy, harassment, violations of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq*., false imprisonment, and "denial of the right of citizenship," ECF No. 12 ¶¶ 228-288. Mr. Pendleton first filed his complaint in April 2025, ECF No. 1, then filed an amended complaint in August, ECF No. 12. He has also filed a motion for a preliminary injunction, ECF No. 18, and a motion for judicial notice, ECF No. 19. The court will sua sponte dismiss Mr. Pendleton's amended complaint for lack of subject-matter jurisdiction because Mr. Pendleton's claims are patently insubstantial, and it will deny his other motions as moot.

A court may dismiss a case *sua sponte* for lack of subject-matter jurisdiction where a complaint is "'patently insubstantial,' presenting no federal question suitable for jurisdiction." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). These claims must be "flimsier than 'doubtful or questionable'—they must be 'essentially fictitious.'" *Best*, 39 F.3d at 330 (quoting *Hagans v. Lavine*, 415 U.S. 528, 537-38 (1974)). Classic examples include "bizarre conspiracy theories, any fantastic government manipulations of [a plaintiff's] will or mind, [or] any sort of supernatural intervention." *Id.* Dismissals on this theory are "reserved for complaints resting on truly fanciful *factual* allegations," because Rule 12(b)(6) provides a vehicle to "cull *legally* deficient complaints." *Id.* at 331 n.5.

Here, Mr. Pendleton's claims rest on a variety of bizarre conspiracies. For example, he alleges that GMU Professor Tyler Cowen cyberstalked him by accessing his devices and "security cameras throughout Seattle." ECF No. 12 ¶ 44. Mr. Pendleton inferred that the professor was stalking him because the professor had blogged about Seattle, where Mr. Pendleton lived, and other events "relat[ing] to Plaintiff's daily activities on both his computer and his phone," and because Mr. Pendleton's operating system crashed to "interrupt[] [him] masturbating on his laptop" shortly after he had commented on the professor's blog. *Id.* ¶¶ 37-45, 47. Mr. Pendleton suggests that Professor Cowen is secretly employed by an "unknown federal agency," *id.* ¶ 26, and that Virginia Attorney General Jason Miyares "knows who Cowen works for," *id.* ¶ 190. Mr. Pendleton similarly infers that the Federal Bureau of Investigation ("FBI") "threatened [him] with various criminal charges" because a university emailed him "letting him know he had been selected for their FBI honors program" to study "criminal justice" when he studies software

development. *Id*. ¶¶ 160-161; *see id.* ¶ 163 (accusing the FBI of "threaten[ing]" Mr. Pendleton "through various channels"), ¶ 205 (describing "persons assumed to be federal informants" approaching Mr. Pendleton and "trying to get him to say something admissible about his income tax filing habits"). And Mr. Pendleton further accuses Virginia Attorney General Miyares of hacking into his devices to harass and threaten him as retaliation for his legal actions. *See id.* ¶ 191 (accusing Attorney General Miyares of highlighting words in Mr. Pendleton's brief draft on his laptop), ¶ 205 (accusing Attorney General Miyares of "manipulating the background images in [Mr. Pendleton's] browser tabs"). Elsewhere, Mr. Pendleton alleges that an individual in the Clerk's Office of the Fifth Circuit reposted an order dismissing one of his cases the day after his "irregular border crossing into Quebec by bicycle, through a cornfield" as "retaliation for [his] having just fled to Canada." *Id.* ¶¶ 206-208.

Mr. Pendleton's "claims are fantastic because []he finds individualized meaning in general and benign actions by the defendants that are in no way related to [him]." *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 233 (D.D.C. 2009). Indeed, these claims of a far-reaching conspiracy to harass and surveil him, dating back to 2013 and stretching across federal, state, and private defendants, are precisely the type that courts in this district have previously dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Curran v. Holder*, 626 F. Supp 2d 30, 33-34 (D.D.C. 2009) (dismissing a plaintiff's complaint that "str[ung] together a series of unconnected events to support her conclusion that she [was] singled out for harassment by the government"); *Lewis v. Bayh*, 577 F. Supp 2d. 47, 54-55 (D.D.C. 2008) (concluding that a "plaintiff's general accusations of computer hacking, phone tapping, causing power failures and helicopter surveillance" were "'essentially fictitious' and suggest[ed] a 'bizarre conspiracy theor[y]'" (second alteration in original) (quoting *Best*, 39 F.3d at 331)); *Richards*, 480 F. Supp. 2d at 233-34 (dismissing a case

where the plaintiff "allege[d] roving surveillance that followed her everywhere she went," advertisements targeted at her, and an individual "accost[ing]" her in public as part of a large conspiracy); *Scott v. U.S. Consulate*, No. 25-CV-2403 (D.D.C. Aug. 13, 2025), ECF No. 11 (dismissing a case where the plaintiff alleged that various federal agencies and officials had harassed and surveilled him). Because the court lacks jurisdiction over Mr. Pendleton's claims, it must dismiss his case. "Dismissal of the action also renders [Mr. Pendleton's] outstanding motions, [ECF Nos. 18, 19], moot." *Bey v. United States*, No. 23-CV-2299, 2024 WL 1344413, at *2 n.1 (D.D.C. Mar. 29, 2024).

    For the foregoing reasons, the court will dismiss Mr. Pendleton's Amended Complaint, ECF No. 12, and deny his motions for a preliminary injunction and for judicial notice, ECF Nos. 18, 19. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   November 5, 2025